RECEIVED

MAR 3 0 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

JOHN F. STROY                                    CIVIL ACTION NO.: 13-2423

VERSUS                                           JUDGE DOHERTY

DEPARTMENT OF VETERANS AFFAIRS,                  MAGISTRATE JUDGE WHITEHURST
ET AL.

## MEMORANDUM RULING

Before the Court is the "Plaintiff's Motion to Alter or Amend the Judgment" [Doc. 62] filed

by the plaintiff, John F. Stroy. In his motion, the plaintiff argues this Court erred in finding that the

plaintiff's filing of his complaint two days early presented a bar to this Court's subject matter

jurisdiction. The motion is opposed by the defendants [Doc. 65]. For the following reasons, the

motion is DENIED.

### I.    Factual and Procedural Background

Plaintiff – a sixty-five year old African-American male employed by the Department of

Veterans Affairs ("VA") as a primary care physician – brought this suit, alleging his employer

engaged in unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.* Specifically, plaintiff alleges he suffered unlawful discrimination based upon

his race, and suffered retaliation for complaining of same.

In this Court's December 5, 2016 Memorandum Ruling on defendants' motion for summary

judgment, the Court concluded plaintiff failed to properly exhaust administrative remedies and

dismissed plaintiff's race based discrimination claim *without prejudice* under Rule 12(b)(1) [Doc.

58, p. 12]. This Court further granted summary judgment on plaintiff's second claim of retaliation

finding plaintiff failed to present a *prima facie* case of discrimination based upon retaliation [Doc. 58, pp. 24-25]. On December 21, 2016, a final judgment dismissing all of the plaintiff's claim was entered by this Court [Doc. 61].

In the instant motion, plaintiff argues the Court "committed a manifest error of law and the Plaintiff's retaliation claim should not be dismissed as the required exhaustion of administrative remedies is not jurisdictional." The plaintiff seeks the following grounds for relief based on that argument: (1) reopening of the race based discrimination claim, as plaintiff claims that it should not have been dismissed as jurisdictional under Rule 12(b)(1); or (2) remand the claim to the agency for further administrative proceedings should the Court maintain its finding that it is without jurisdiction over the race discrimination claim due to plaintiff's failure to properly exhaust the claim.

## II.    Law and Analysis

The plaintiff argues application of Rule 59(e) of the Federal Rules of Civil Procedure. The Fifth Circuit has held a motion which challenges a prior judgment on its merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b), depending on when the motion was filed. If the motion was filed within twenty-eight days of the entry of judgment, it will be considered under Rule 59(e); if filed after that time period, it will be treated as a motion under Rule 60(b). *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991), *citing Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990) (overruled on other grounds). In the instant case, plaintiff filed his motion for reconsideration within 28 days of entry of judgment, therefore the motion is properly considered under Rule 59(e).

Under established Fifth Circuit jurisprudence,

A Rule 59(e) motion "calls into question the correctness of a judgment." This Court

-2-

has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (internal citations omitted).

In *Lavespere,* this Court recognized while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless. 910 F.2d at 174. The Fifth Circuit has identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts, noting "[t]he task for the district court is to strike the proper balance between these competing interests. *Id.* The Fifth Circuit has further held "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *See Templet v. HydroChem Inc.*, 367 F.3d at 478, *citing Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir.1991).

Here, review of the record shows the plaintiff's argument in support of his motion to amend the judgment is identical to the argument raised in opposition to the defendants' motion for summary judgment. This Court considered all arguments presented by the plaintiff in response to the defendants' motion for summary judgment prior to concluding the plaintiff's discrimination claim should be dismissed *without prejudice* under Rule 12(b)(1). This Court concludes no new arguments have been presented which alter the reasoning or the conclusion reached by the Court on defendants' motion.

As for the plaintiff's request for a remand to the EEOC, this Court concludes the plaintiff did not request remand in his original briefing to the Court, and only raises the issue of remand for the

first time in the instant motion. Notwithstanding the foregoing, the Court is not persuaded that remand is appropriate in this matter. In support of his request, the plaintiff cites to *People of the State of New York by Abrams v. Holiday Inns, Inc.,* 656 F.Supp. 675 (W.D.N.Y. 1984) and *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y. 1980). The Court's review of these cases show they are factually inapposite to the instant case. In *Abrams,* the EEOC issued an early right to sue letter (prior to the expiration of the 180-day period set forth in 42 U.S.C. § 2000e-5(f)(1)). Finding that the EEOC had exclusive jurisdiction for the 180-day period, the *Abrams* Court found it was without jurisdiction over the plaintiff's claims and remanded to the EEOC to complete its processing of the claims within the 180-day period. *Abrams,* 656 F.Supp. at 679-80. The same scenario occurred in the *Spencer* case. However, in the instant case, *plaintiff filed his action prematurely.* The VA did not issue a premature right to sue letter or take any action to cause plaintiff's premature filing, and there is no allegation the VA or any other entity had exclusive jurisdiction over plaintiff's claim at the time he filed suit. Thus, the *Abrams* and *Spencer* cases – which are district court cases from New York, and, therefore, have no precedential value over this Court – are distinguishable from the instant case.

After review of the record in this matter, this Court concludes the instant motion must be denied. However, this Court, again, notes the dismissal was one *without prejudice.*

**III.   Conclusion**

IT IS ORDERED that "Plaintiff's Motion to Alter or Amend the Judgment" [Doc. 62] is DENIED.

Lafayette, Louisiana, this ___30___ day of March, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4